W. D. Cox *et al.*, *a Partnership, etc., Appellants,* v. THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellee.*

### No. 15,944.

RAILROADS—*Application for Cars—Time Cars are Desired.* A petition against a railroad company under the reciprocal demurrage law held to be demurrable because the application for cars did not state when they were desired.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed November 6, 1909. Affirmed.

*Chris Ritter,* and *Frank R. Forrest,* for the appellants.

*John Madden,* and *W. W. Brown,* for the appellee.

*Per Curiam:* The question to be decided is whether an application for freight cars under the provisions of the reciprocal demurrage law was sufficient to permit the recovery of penalties for the failure of the defend-

ant to comply with the request. The application was as follows:

"ELSMORE, KAN., November 9, 1905.
"Agent, M. K. & T. Ry.,
          "Elsmore, Kan.
"Please set on your sidetrack here two box-cars suitable for loading with shelled corn, to be shipped to Rosedale, Kan.          W. D. COX & SON."

The statute reads:

"When the owner, manager or shipper of any freight of any kind shall make application in writing to any superintendent, agent or other person in charge of transportation of any railroad company, receiver or trustee operating a line of railway, at any point that cars are desired upon which to ship any freight, it shall be the duty of such railroad company, trustee or other person in charge thereof to supply the number of cars so required at the point indicated in the application within a reasonable time thereafter, not to exceed six days from the receipt of such application, and shalı supply such cars to the person or persons so applying therefor in the order in which such applications are made, without giving preference to any person; provided, if the application be for ten cars or less, the same shall be furnished in three days; and provided, further, that if the application be for thirty cars or more the railway company may have ten full days in which to supply the cars.

"Said application for cars shall state the number of cars desired, the place at which they are desired, and the time they are desired; provided, that the place designated shall be at some station or public switch on the line of its road." (Laws 1905, ch. 345, §§ 2, 3.)

In the application in this case no mention is made of the time when the cars were desired, but it is insisted that the absence of this statement should be interpreted to mean that they are wanted now. So to construe the statute would be to excise one of the three material statutory requirements. This would be legislation, and not interpretation.

In *Patterson v. Railway Co.*, 77 Kan. 236, the words "at once" in such an application were held to be the

equivalent of "to-day," and therefore sufficient; but in this case there are no words relating to time to be construed. The district court did not err in refusing to read into the application a material requirement which the plaintiffs had omitted.

There is no hardship in requiring the shipper to observe the simple and plain provisions of the statute if he wishes to recover penalties for its violation. The judgment is affirmed.